David A. Weibel, WSBA #24031
Barbara L. Bollero, WSBA #28906
BISHOP, MARSHALL & WEIBEL, P.S.
720 Olive Way, Suite 1201
Seattle, WA 98101-1801
Telephone: 206-622-5306
Facsimile: 206-622-0354
dweibel@bwmlegal.com
bbollero@bwmlegal.com
*Attorneys for Defendant Chase*

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| RICHARD RUTHERFORD,<br><br>Plaintiff,<br><br>v.<br><br>CHASE BANK, N.A.; NORTHWEST TRUSTEE SERVICES, INC.,<br><br>Defendants. | NO. 2:13-cv-01175-MJP<br><br>DEFENDANT JPMORGAN CHASE BANK N.A.'S ANSWER AND AFFIRMATIVE DEFENSES |

Defendant JPMorgan Chase Bank N.A. ("Chase"), without waiving its objections and any valid defenses, presents the following Answer and Affirmative Defenses to the Complaint for Injunction, Breach of Contract, Promissory, Estoppel, Consumer Protection Act *(sic)* filed by Plaintiff Richard Rutherford:

## I. PARTIES

1. Chase has insufficient knowledge to admit or deny the allegations of this paragraph, and therefore denies same and demands strict proof thereof.

2. Chase admits the allegations of this paragraph.

3. Chase admits the allegations of this paragraph.

## II. JURISDICTION

4. Chase admits the allegations of this paragraph.

5. Chase admits the allegations of this paragraph insofar as the location of the subject property. The remaining allegations do not require a response from Chase.

## III. FACTS

6. Chase admits the allegations of this paragraph.

7. Chase admits the allegations of this paragraph.

8. Chase denies the allegations of this paragraph and demands strict proof thereof. By way of further response, Chase asserts that in September of 2008, certain assets of Washington Mutual Bank F.A. ("WaMu"), including all loans and servicing rights, were acquired by Chase under a Purchase and Assumption Agreement between the Federal Deposit Insurance Corporation as Receiver for WaMu ("FDIC-R") and Chase (the "WaMu Agreement").

9. Chase has insufficient knowledge to admit or deny the allegations of this paragraph, and therefore denies same and demands strict proof thereof.

10. Chase denies that it or WaMu recommended Plaintiff apply for a loan modification and demands strict proof thereof. Chase has insufficient knowledge to admit or deny the remaining allegations of this paragraph, and therefore denies same and demands strict proof thereof.

11. Chase admits that it offered Plaintiff a modification of his mortgage loan by correspondence on WaMu letterhead dated January 2, 2009. Chase denies the remaining allegations of this paragraph and demands strict proof thereof.



BISHOP, MARSHALL & WEIBEL, P.S.
720 OLIVE WAY, SUITE 1201
SEATTLE, WASHINGTON 98101-1801
206/622-5306 FAX: 206/622-0354

12. Chase admits that on or about March 25, 2009, it received and cashed a check in the amount of $1,000, and credited it to the suspense account for Plaintiff's loan. Chase denies the remaining allegations of this paragraph and demands strict proof thereof. Chase further expressly denies that any loan modification contract was entered with Plaintiff.

13. Chase admits that on or about March 25, 2009, it received and cashed a check in the amount of $1,000, and credited it to the suspense account for Plaintiff's loan. Chase denies the remaining allegations of this paragraph and demands strict proof thereof. By way of further response, Chase asserts that Plaintiff did not satisfy the conditions precedent for Chase to modify his loan, nor did Chase promise to do so. Chase further expressly denies that any loan modification contract was entered with Plaintiff.

14. Chase admits it declared Plaintiff's loan in default when Plaintiff failed to make the payments due thereunder. Chase denies the remaining allegations of this paragraph and demands strict proof thereof. Chase further expressly denies that any loan modification contract was entered with Plaintiff.

15. Chase denies the allegations of this paragraph and demands strict proof thereof. By way of further response, Chase asserts that in September of 2008, certain assets of WaMu, including all loans and servicing rights, were acquired by Chase under a the WaMu Agreement. Chase further expressly denies that any loan modification contract was entered with Plaintiff.

16. Chase denies the allegations of this paragraph and demands strict proof thereof. Chase further expressly denies that any loan modification contract was entered with Plaintiff.



BISHOP, MARSHALL & WEIBEL, P.S.
720 OLIVE WAY, SUITE 1201
SEATTLE, WASHINGTON 98101-1801
206/622-5306 FAX: 206/622-0354

17. Chase denies the allegations of this paragraph and demands strict proof thereof. Chase further expressly denies that any loan modification contract was entered with Plaintiff.

18. Chase denies the allegations of this paragraph and demands strict proof thereof. Chase further expressly denies that any loan modification contract was entered with Plaintiff.

19. Chase denies the allegations of this paragraph and demands strict proof thereof. Chase further expressly denies that any loan modification contract was entered with Plaintiff.

## IV. CAUSE OF ACTION ONE BREACH OF CONTRACT

20. Chase admits the allegations of this paragraph.

21. Chase admits that on or about March 25, 2009, it received and cashed a check in the amount of $1,000, and credited it to the suspense account for Plaintiff's loan. Chase denies the remaining allegations of this paragraph and demands strict proof thereof. By way of further response, Chase asserts that Plaintiff did not satisfy the conditions precedent for Chase to modify his loan, nor did Chase promise to do so. Chase further expressly denies that any loan modification contract was entered with Plaintiff.

22. Chase admits that on or about March 25, 2009, it received and cashed a check in the amount of $1,000, and credited it to the suspense account for Plaintiff's loan. Chase denies the remaining allegations of this paragraph and demands strict proof thereof. By way of further response, Chase asserts that Plaintiff did not satisfy the conditions precedent for Chase to modify his loan, nor did Chase promise to do so. Chase further expressly denies that any loan modification contract was entered with Plaintiff.



BISHOP, MARSHALL & WEIBEL, P.S.
720 OLIVE WAY, SUITE 1201
SEATTLE, WASHINGTON 98101-1801
206/622-5306 FAX: 206/622-0354

23. Chase denies the allegations of this paragraph and demands strict proof thereof. Chase further expressly denies that any loan modification contract was entered with Plaintiff.

24. Chase has insufficient knowledge to admit or deny the allegations of this paragraph concerning Plaintiff's alleged damages, and therefore denies same and demands strict proof thereof. Chase denies the remaining allegations of this paragraph and demands strict proof thereof. Chase further expressly denies that any loan modification contract was entered with Plaintiff.

**(V.) CAUSE OF ACTION TWO: PROMISSORY ESTOPPEL**

25. Chase admits the allegations of this paragraph.

26. Chase has insufficient knowledge to admit or deny the allegations of this paragraph, and therefore denies same and demands strict proof thereof. Chase admits that on or about March 25, 2009, it received and cashed a check in the amount of $1,000, and credited it to the suspense account for Plaintiff's loan. By way of further response, Chase asserts that Plaintiff did not satisfy the conditions precedent for Chase to modify his loan, nor did Chase promise to do so. Chase further expressly denies that any loan modification contract was entered with Plaintiff.

27. Chase has insufficient knowledge to admit or deny the allegations of this paragraph concerning Plaintiff's beliefs, and therefore denies same and demands strict proof thereof. Chase denies the remaining allegations of this paragraph and demands strict proof thereof.

28. Chase denies the allegations of this paragraph and demands strict proof thereof. By way of further response, Chase asserts that Plaintiff did not satisfy the conditions precedent for Chase to modify his loan, nor did Chase promise to do so. Chase



BISHOP, MARSHALL & WEIBEL, P.S.
720 OLIVE WAY, SUITE 1201
SEATTLE, WASHINGTON 98101-1801
206/622-5306 FAX: 206/622-0354

further expressly denies that any loan modification contract was entered with Plaintiff.

29. Chase denies the allegations of this paragraph and demands strict proof thereof. By way of further response, Chase asserts that Plaintiff did not satisfy the conditions precedent for Chase to modify his loan, nor did Chase promise to do so. Chase further expressly denies that any loan modification contract was entered with Plaintiff.

## (VI.) CAUSE OF ACTION THREE: ACCOUNTING

30. This paragraph asserts a legal conclusion, requiring no response from Chase. To the extent a response may be required, Chase denies the allegations of this paragraph and demands strict proof thereof. By way of further response, Chase asserts that Plaintiff did not satisfy the conditions precedent for Chase to modify his loan, nor did Chase promise to do so. Chase further expressly denies that any loan modification contract was entered with Plaintiff.

31. This paragraph asserts a legal conclusion, requiring no response from Chase. To the extent a response may be required, Chase denies the allegations of this paragraph and demands strict proof thereof. By way of further response, Chase asserts that Plaintiff did not satisfy the conditions precedent for Chase to modify his loan, nor did Chase promise to do so. Chase further expressly denies that any loan modification contract was entered with Plaintiff.

32. This paragraph asserts a legal conclusion, requiring no response from Chase. To the extent a response may be required, Chase denies the allegations of this paragraph and demands strict proof thereof. By way of further response, Chase asserts that Plaintiff did not satisfy the conditions precedent for Chase to modify his loan, nor did Chase promise to do so. Chase further expressly denies that any loan modification contract was entered with Plaintiff.



BISHOP, MARSHALL & WEIBEL, P.S.
720 OLIVE WAY, SUITE 1201
SEATTLE, WASHINGTON 98101-1801
206/622-5306 FAX: 206/622-0354

33. This paragraph asserts a legal conclusion, requiring no response from Chase. To the extent a response may be required, Chase denies the allegations of this paragraph and demands strict proof thereof. By way of further response, Chase asserts that Plaintiff did not satisfy the conditions precedent for Chase to modify his loan, nor did Chase promise to do so. Chase further expressly denies that any loan modification contract was entered with Plaintiff.

### (VII.) CAUSE OF ACTION FOUR: BREACH OF CONTRACT

34. Chase denies the allegations of this paragraph and demands strict proof thereof. By way of further response, Chase asserts that Plaintiff did not satisfy the conditions precedent for Chase to modify his loan, nor did Chase promise to do so. Chase further expressly denies that any loan modification contract was entered with Plaintiff.

35. Chase admits the allegations of this paragraph that it has caused a Proof of Claim to be filed in Plaintiff's bankruptcy case and has caused Notices of Default to be served. Chase denies the remaining allegations of this paragraph and demands strict proof thereof.

36. Chase has insufficient knowledge to admit or deny the allegations of this paragraph concerning Plaintiff's calculations, and therefore denies same and demands strict proof thereof. Chase denies the remaining allegations of this paragraph and demands strict proof thereof. By way of further response, Chase asserts that Plaintiff did not satisfy the conditions precedent for Chase to modify his loan, nor did Chase promise to do so. Chase further expressly denies that any loan modification contract was entered with Plaintiff.

37. Chase denies the allegations of this paragraph and demands strict proof thereof.



BISHOP, MARSHALL & WEIBEL, P.S.
720 OLIVE WAY, SUITE 1201
SEATTLE, WASHINGTON 98101-1801
206/622-5306 FAX: 206/622-0354

**(VIII.) CAUSE OF ACTION FIVE: BREACH OF THE WASHINGTON CONSUMER PROTECTION ACT**

38. Chase admits the allegations of this paragraph.

39. Chase admits the allegations of this paragraph.

40. Chase denies the allegations of this paragraph and demands strict proof thereof. By way of further response, Chase asserts that Plaintiff did not satisfy the conditions precedent for Chase to modify his loan, nor did Chase promise to do so. Chase further expressly denies that any loan modification contract was entered with Plaintiff.

41. Chase admits that on or about March 25, 2009, it received and cashed a check in the amount of $1,000, and credited it to the suspense account for Plaintiff's loan. Chase denies the remaining allegations of this paragraph and demands strict proof thereof. By way of further response, Chase asserts that Plaintiff did not satisfy the conditions precedent for Chase to modify his loan, nor did Chase promise to do so. Chase further expressly denies that any loan modification contract was entered with Plaintiff.

42. Chase asserts that the allegations of this paragraph do not require a response from Chase, as the Deed of Trust Act speaks for itself. To the extent a response may be required, Chase has insufficient knowledge to admit or deny the allegations of this paragraph concerning great interest, and therefore denies same and demands strict proof thereof.

43. Chase admits that on or about March 25, 2009, it received and cashed a check in the amount of $1,000, and credited it to the suspense account for Plaintiff's loan. Chase denies the remaining allegations of this paragraph and demands strict proof thereof.

44. Chase denies the allegations of this paragraph and demands strict proof thereof. By way of further response, Chase asserts that Plaintiff did not satisfy the



BISHOP, MARSHALL & WEIBEL, P.S.
720 OLIVE WAY, SUITE 1201
SEATTLE, WASHINGTON 98101-1801
206/622-5306 FAX: 206/622-0354

conditions precedent for Chase to modify his loan, nor did Chase promise to do so. Chase further expressly denies that any loan modification contract was entered with Plaintiff.

45. Chase denies the allegations of this paragraph and demands strict proof thereof. By way of further response, Chase asserts that Plaintiff did not satisfy the conditions precedent for Chase to modify his loan, nor did Chase promise to do so. Chase further expressly denies that any loan modification contract was entered with Plaintiff.

**(IX.) CAUSE OF ACTION SIX: BREACH OF CONSUMER PROTECTION ACT**

46. Chase admits that it refers thousands of loans in Washington State to the Trustees of Deeds of Trust to commence nonjudicial foreclosure proceedings. Chase denies the remaining allegations of this paragraph and demands strict proof thereof.

47. This paragraph is incomprehensible, requiring no response from Chase. To the extent a response may be required, Chase asserts that it and the Trustees whose services it utilizes have some standardized practices for prosecuting nonjudicial foreclosures. Chase denies the remaining allegations of this paragraph and demands strict proof thereof.

48. Chase has insufficient knowledge to admit or deny the allegations of this paragraph concerning the Trustee's knowledge, and therefore denies same and demands strict proof thereof. Chase denies the remaining allegations of this paragraph, and demands strict proof thereof.

49. Chase denies the allegations of this paragraph, and demands strict proof thereof.

50. Chase denies the allegations of this paragraph, and demands strict proof thereof.

51. Chase denies the allegations of this paragraph, and demands strict proof thereof.



BISHOP, MARSHALL & WEIBEL, P.S.
720 OLIVE WAY, SUITE 1201
SEATTLE, WASHINGTON 98101-1801
206/622-5306 FAX: 206/622-0354

52. Chase admits that it services a substantial number of loans in Washington State. Chase denies the remaining allegations of this paragraph, and demands strict proof thereof.

53. This paragraph is incomprehensible, requiring no response from Chase. To the extent a response may be required, Chase denies the allegations of this paragraph, and demands strict proof thereof.

54. This paragraph asserts a legal conclusion, requiring no response from Chase. To the extent a response may be required, Chase denies the allegations of this paragraph and demands strict proof thereof.

55. This paragraph asserts a legal conclusion, requiring no response from Chase. To the extent a response may be required, Chase denies the allegations of this paragraph and demands strict proof thereof.

56. This paragraph asserts a legal conclusion, requiring no response from Chase. To the extent a response may be required, Chase denies the allegations of this paragraph and demands strict proof thereof.

57. This paragraph is incomprehensible, requiring no response from Chase.

**(X.) CAUSE OF ACTION SEVEN: BREACH OF DEED OF TRUST ACT**

58. This paragraph asserts a legal conclusion, requiring no response from Chase. To the extent a response may be required, Chase denies the allegations of this paragraph and demands strict proof thereof.

59. This paragraph asserts a legal conclusion, requiring no response from Chase. To the extent a response may be required, Chase denies the allegations of this paragraph and demands strict proof thereof.



BISHOP, MARSHALL & WEIBEL, P.S.
720 OLIVE WAY, SUITE 1201
SEATTLE, WASHINGTON 98101-1801
206/622-5306 FAX: 206/622-0354

60. This paragraph asserts a legal conclusion, requiring no response from Chase. To the extent a response may be required, Chase denies the allegations of this paragraph and demands strict proof thereof.

## (XI.) PRAYER FOR RELIEF

A. This paragraph asserts a request for relief, requiring no response from Chase. To the extent a response may be required, Chase denies the allegations of this paragraph and demands strict proof thereof.

B. This paragraph asserts a request for relief, requiring no response from Chase. To the extent a response may be required, Chase denies the allegations of this paragraph and demands strict proof thereof.

C. This paragraph asserts a request for relief, requiring no response from Chase. To the extent a response may be required, Chase denies the allegations of this paragraph and demands strict proof thereof.

D. This paragraph asserts a request for relief, requiring no response from Chase. To the extent a response may be required, Chase denies the allegations of this paragraph and demands strict proof thereof.

E. This paragraph asserts a request for relief, requiring no response from Chase. To the extent a response may be required, Chase denies the allegations of this paragraph and demands strict proof thereof.

## XII. AFFIRMATIVE DEFENSES

Chase's investigation and discovery of this matter is continuing. By way of further answer and response to Plaintiff's Complaint, in the event such investigation and discovery reveals information which serves to support such defenses, Chase assert the following Affirmative Defenses:



BISHOP, MARSHALL & WEIBEL, P.S.
720 OLIVE WAY, SUITE 1201
SEATTLE, WASHINGTON 98101-1801
206/622-5306 FAX: 206/622-0354

1. Plaintiff has failed to state a cause of action upon which relief may be granted.

2. Plaintiff has failed to mitigate his damages.

3. Granting relief as requested by Plaintiff would constitute unjust enrichment.

4. Plaintiff has assumed the risk of loss.

5. The damages Plaintiff seeks are speculative and are not recoverable.

6. Plaintiff’s claimed injuries and damages were the direct and proximate result of conduct by third parties over whom Chase exercised no control or right to control.

7. Plaintiff’s claims are barred or limited by Plaintiff’s contributory negligence or fault.

8. Plaintiff’s injuries and damages, if any, were caused by third parties not acting in concert with Chase, so that any recovery ordered against Chase should be reduced in proportion to the degree of fault attributed to such third parties, pursuant to RCW 4.22.070.

9. Plaintiff’s claims are barred by application of the Independent Duty Doctrine, and/or the Doctrines of Waiver, Laches, and/or Estoppel.

10. Plaintiff’s claims are barred by the Statute of Frauds.

11. Chase is not liable to Plaintiff because Plaintiff’s alleged damages were not caused by Chase, and/or because of the intervening, superseding conduct of others.

12. Plaintiff lacks standing to assert one or more of the claims set forth in his Complaint.

13. Plaintiff’s claims are barred because service of process is insufficient or defective.

14. The parties’ contracts required and/or authorized Chase’s actions.

15. Chase properly relied on the parties’ actions and oral communications.



BISHOP, MARSHALL & WEIBEL, P.S.
720 OLIVE WAY, SUITE 1201
SEATTLE, WASHINGTON 98101-1801
206/622-5306 FAX: 206/622-0354

16. Chase made no verbal promises to Plaintiff.

17. Chase's actions were not unfair or deceptive, did not affect the public interest, and did not damage Plaintiff.

18. Plaintiff's claims are barred to by the Doctrines of Equitable Estopped and/or Promissory Estoppel.

19. Plaintiff's claims are barred due to Plaintiff's breach of contract.

20. Plaintiff has failed to satisfy conditions precedent to form a modification contract.

21. Plaintiff has engaged in inexcusable delay.

22. Any statements or representations by Chase, its employees, or agents were made in good faith and based upon a reasonable belief that the statements were true and correct.

23. Chase expressly reserves the right to amend its Answer to assert additional affirmative defenses revealed in the course of further investigation and discovery.

**PRAYER FOR RELIEF**

WHEREFORE, having fully answered Plaintiff's Complaint and stated its Affirmative Defenses, Defendant Chase prays the Court grant the following relief:

1. Dismiss Plaintiff's Complaint with prejudice;

2. Award Chase attorney's fees, costs, and litigation expenses incurred, pursuant to statute, common law, and/or contract; and

3. Such other and further relief as the Court may determine to be just, equitable, or appropriate.

/ / /



BISHOP, MARSHALL & WEIBEL, P.S.
720 OLIVE WAY, SUITE 1201
SEATTLE, WASHINGTON 98101-1801
206/622-5306 FAX: 206/622-0354

DATED this 11th day of February, 2014.

BISHOP, MARSHALL & WEIBEL, P.S.

*/s/ Barbara L. Bollero*

Barbara L. Bollero, WSBA No. 28906
Attorneys for Defendant
JPMorgan Chase Bank N.A.
720 Olive Way, Suite 1201
Seattle, WA 98101-1801
Telephone: 206-622-5306
Fax: 206-622-0354
E-Mail: bbollero@bwmlegal.com

CERTIFICATE OF SERVICE

I declare under penalty of perjury under the laws of the State of Washington and the United States of America that on the 11th day of February, 2014, I electronically filed the foregoing DEFENDANT JPMORGAN CHASE BANK N.A.'S ANSWER AND AFFIRMATIVE DEFENSES, with the Clerk of the Court using the CM/ECF System, which will send notification of such filing to the following parties:

| | |
|---|---|
| Jason E. Anderson<br>8015 15th Avenue NW, Suite 5<br>Seattle, WA 98117-3601<br>*Attorneys for Plaintiff*<br>*jason@jasonandersonlaw.com* | [ ] By First Class Mail<br>[ ] By ABC Legal Messenger<br>[X] By CM/ECF<br>[ ] By Facsimile<br>[ ] By E-Mail |
| John McIntosh<br>Joshua S. Schaer<br>RCO Legal, P.S.<br>13555 SE 36th Street, Suite 300<br>Bellevue, WA 98006-1489<br>*Attorneys for Defendant Northwest Trustee Services, Inc.*<br>*jmcintosh@rcolegal.com*<br>*jschaer@rcolegal.com* | [ ] By First Class Mail<br>[ ] By ABC Legal Messenger<br>[X] By CM/ECF<br>[ ] By Facsimile<br>[ ] By E-Mail |

DATED this 11th day of February, 2014, at Seattle, Washington.

*/s/ Ana I. Todakonzie*
Ana I. Todakonzie



BISHOP, MARSHALL & WEIBEL, P.S.
720 OLIVE WAY, SUITE 1201
SEATTLE, WASHINGTON 98101-1801
206/622-5306 FAX: 206/622-0354